Evan J. Smith
BRODSKY & SMITH
240 Mineola Boulevard
First Floor
Mineola, NY 11501
Telephone:     516.741.4977
Facsimile:     516.741.0626
esmith@brodskysmith.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY STROUTH,<br><br>                    Plaintiff,<br><br>         vs.<br><br>PHILLIPS 66 PARTNERS L.P., GREG C. GARLAND, GARY K. ADAMS, JULIE L. BUSHMAN, DENISE R. CADE, LISA A. DAVIS, CHARLES M. HOLLEY, JOHN E. LOWE, DENISE L. RAMOS, DOUGLAS T. TERRESON, GLENN F. TILTON, and MARNA C. WHITTINGTON,<br><br>                    Defendants. | Case No.:<br><br>**Complaint For:**<br><br>(1) Violation of § 14 (a) of the Securities Exchange Act of 1934<br>(2) Violation of § 20(a) of the Securities Exchange Act of 1934<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Anthony Strouth ("Plaintiff"), by and through his attorneys, alleges upon information and belief, except for those allegations that pertain to him, which are alleged upon personal knowledge, as follows:

**SUMMARY OF THE ACTION**

1.      Plaintiff brings this unitholder action against Phillips 66 Partners L.P. ("Phillips 66" or the "Partnership") and the Board of Directors the Partnership's General Partner (the "Board" or the "Individual Defendants," and collectively with the Partnership, the "Defendants"), for violations of Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") as a result of Defendants' efforts to sell the Partnership to Phillips 66 ("PSX" or the "Parent")

- 1 -

as a result of an unfair process, and to enjoin the consummation of an all-stock transaction (the "Proposed Transaction").

2. The terms of the Proposed Transaction were memorialized in an October 27, 2021, filing with the Securities and Exchange Commission ("SEC") on Form 6-K attaching the definitive Agreement and Plan of Merger (the "Merger Agreement"). Under the terms of the Merger Agreement, provides for an all-stock transaction in which each outstanding Phillips 66 common unitholder would receive 0.50 shares of PSX common stock for each Phillips 66 common unit. As a result, Phillips 66 will become an indirect wholly-owned subsidiary of PSX.

3. Thereafter, on February 3, 2022, Phillips 66 filed a Definitive Information Statement on Form DEF14C the "Information Statement"), with the SEC in support of the Proposed Transaction.

4. The Proposed Transaction is unfair for a number of other reasons. Significantly, the Information Statement describes an insufficient process in which the Board rushed through an inadequate "sales process."

5. Next, it appears as though the Board has entered into the Proposed Transaction to procure for itself and senior management of the Partnership significant and immediate benefits with no thought to Plaintiff, as well as the Partnership's public unitholders. For instance, pursuant to the terms of the Merger Agreement, upon the consummation of the Proposed Transaction, Board Members and executive officers will be able to exchange all Partnership equity awards for the merger consideration.

6. In violation of the Exchange Act, Defendants caused to be filed the materially deficient Information Statement on February 3, 2022 with the SEC. The Information Statement is materially deficient, and is thus in violation of the Exchange Act. As detailed below, the Information Statement omits and/or misrepresents material information concerning, among other things: (a) the sales process and in particular certain conflicts of interest for management; (b) the

financial projections for Phillips 66 and PSX, provided by Phillips 66 and PSX to the Board's financial advisor Evercore Group L.L.C. ("Evercore"); and (c) the data and inputs underlying the financial valuation analyses, if any, that purport to support the fairness opinions created by Evercore and provided to the Partnership and the Board.

7. Absent judicial intervention, the Proposed Transaction will be consummated, resulting in irreparable injury to Plaintiff.

## PARTIES

8. Plaintiff is a citizen of Texas and, at all times relevant hereto, has been a Phillips 66 unitholder.

9. Defendant Phillips 66 is an American multinational energy master limited partnership headquartered in Westchase, Houston, Texas. Phillips 66 is incorporated in the Delaware and has its principal place of business at 2331 CityWest Blvd., Houston, Texas 77042. Shares of Phillips 66 common units are traded on the NYSE under the symbol "PSXP".

10. Defendant Greg C. Garland ("Garland") has been a director of the Partnership's General Partner at all relevant times. In addition, Garland serves as the Chairman of the Partnership's General Partners' Board as well as the Partnership's Chief Executive Officer ("CEO").

11. Defendant David Barrington ("Barrington") has been a director of the Partnership's General Partner at all relevant times.

12. Defendant Mark A. Haney ("Haney") has been a director of the Partnership's General Partner at all relevant times.

13. Defendant Robert A. Herman ("Herman") has been a director of the Partnership's General Partner at all relevant times.

14. Defendant C. Doug Johnson ("C. Johnson") has been a director of the Partnership's General Partner at all relevant times.

15. Defendant Paula Johnson ("P. Johnson") has been a director of the Partnership's General Partner at all relevant times.

16. Defendant Kevin J. Mitchell ("Mitchell") has been a director of the Partnership's General Partner at all relevant times.

17. Defendant Joseph W. O'Toole ("O'Toole") has been a director of the Partnership's General Partner at all relevant times.

18. Defendant Timothy D. Roberts ("Roberts") has been a director of the Partnership's General Partner at all relevant times.

19. Defendants identified in ¶¶ 10 - 18 are collectively referred to as the "Individual Defendants."

20. Non-Party PSX operates as an energy manufacturing and logistics company. The company was founded in 1875 and is headquartered in Houston, Texas.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act. This action is not a collusive one to confer jurisdiction on a court of the United States, which it would not otherwise have. The Court has supplemental jurisdiction over any claims arising under state law pursuant to 28 U.S.C. § 1367.

22. Personal jurisdiction exists over each defendant either because the defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

23. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because each of the Individual Defendants, as Partnership officers or directors, has extensive contacts within this

District; for example, the Partnership's units trades on the New York Stock Exchange which is headquartered in this District.

## SUBSTANTIVE ALLEGATIONS

*Partnership Background*

24. Phillips 66 Partners LP owns, operates, develops, and acquires midstream assets. It offers transportation, terminaling, processing, stevedoring, storage, and fractionation of crude oil, refined petroleum products, and natural gas liquids. The Partnership was founded in 2013 and is headquartered in Houston, Texas. Phillips 66 Partners LP is a subsidiary of Phillips 66 Project Development Inc.

25. The Partnership's most recent financial performance press release, revealing financial results from the quarter preceding the announcement of the Proposed Transaction, indicated impressive financial success. For example, in the August 3, 2021 press release announcing its 2021 Q2 financial results, the Partnership highlighted Reported second-quarter earnings of $225 million and adjusted EBITDA of $337 million. It also announced a quarterly distribution of $0.875 per common unit.

26. Speaking on the positive results, CEO of Phillips 66 said, "This quarter we operated well and delivered solid financial performance," said Garland. "Our results reflect higher throughput on our wholly owned and joint venture assets. During the quarter, we advanced construction of the C2G Pipeline and plan to begin operations by the fourth quarter of this year. We continue to operate our assets safely and reliably and maintain our strong financial position through disciplined capital allocation."

27. The sustained financial success and impressive results are not an anomaly, but rather, are indicative of a trend of continued future potential success by Phillips 66. Clearly, based upon the positive outlook, the Partnership is likely to have tremendous future success.

28. Despite this upward trajectory, the Individual Defendants have caused Phillips 66 to enter into the Proposed Transaction without providing requisite information to Phillips 66 unitholders such as Plaintiff.

*The Flawed Sales Process*

29. As detailed in the Information Statement, the process deployed by the Individual Defendants was flawed and inadequate, was conducted out of the self-interest of the Individual Defendants and was designed with only one concern in mind – to effectuate a sale of the Partnership by any means possible no matter the price.

30. Notably, the Information Statement fails to indicate why the Board did not include a collar mechanism preventing the stock consideration payable to Plaintiff and other Partnership unitholders from dipping to an unreasonable level.

31. In addition, the Information Statement is silent as to the nature of the confidentiality agreements entered into between the Partnership and potentially interested third parties, including PSX, throughout the sales process, if any, and whether these agreements differ from each other, and if so in what way. The Information Statement also fails to disclose all specific conditions under which any standstill provision contained in any entered confidentiality agreement entered into between the Partnership and any potentially interested third parties, including PSX, throughout the sales process, if any, would fall away.

32. It is not surprising, given this background to the overall sales process, that it was conducted in a completely inappropriate and misleading manner.

*The Proposed Transaction*

33. On October 27, 2021, Phillips 66 and PSX issued a joint press release announcing the Proposed Transaction. The press release stated, in relevant part:

> **HOUSTON--(BUSINESS WIRE)--** Phillips 66 (NYSE: PSX) and Phillips 66 Partners ("PSXP" or the "Partnership") (NYSE: PSXP) announced today that they have entered into a definitive agreement for Phillips 66 to acquire all of the publicly held common units representing limited partner interests in the Partnership not already owned by Phillips 66 and its affiliates.
>
> The agreement, expected to close in the first quarter of 2022, provides for an all-stock transaction in which each outstanding PSXP common unitholder would receive 0.50 shares of PSX common stock for each PSXP common unit. The Partnership's preferred units would be converted into common units at a premium to the original issuance price prior to exchange for Phillips 66 common stock.

"We are announcing an agreement to acquire all outstanding units of Phillips 66 Partners," said Greg Garland, Chairman and CEO of Phillips 66. "We believe this acquisition will allow both PSX shareholders and PSXP unitholders to participate in the value creation of the combined entities, supported by the strong financial position of Phillips 66."

The transaction value of the units being acquired is approximately $3.4 billion based on Oct. 26, 2021 market closing prices of both companies. Upon closing, the Partnership will be a wholly owned subsidiary of Phillips 66 and will no longer be a publicly traded partnership. Phillips 66 Project Development Inc., a wholly owned subsidiary of Phillips 66 and the holder of a majority of the outstanding common units of the Partnership, has voted its units to approve the transaction.

Citi and BofA Securities, Inc. are acting as financial advisors to Phillips 66, and Latham & Watkins LLP is acting as Phillips 66's legal advisor.

The terms of the transaction were unanimously approved by the board of directors of the general partner of Phillips 66 Partners based on the unanimous approval and recommendation of its conflicts committee, comprised entirely of independent directors. The conflicts committee engaged Evercore as its financial advisor and Vinson & Elkins L.L.P. as its legal advisor.

*No Offer or Solicitation*

This news release is for informational purposes only and shall not constitute an offer to sell or the solicitation of an offer to buy any securities pursuant to the proposed transaction or otherwise, nor shall there be any sale of securities in any jurisdiction in which the offer, solicitation or sale would be unlawful prior to the registration or qualification under the securities laws of any such jurisdiction. No offer of securities shall be made except by means of a prospectus meeting the requirements of Section 10 of the Securities Act, as amended.

*Potential Conflicts of Interest*

34. The breakdown of the benefits of the deal indicates that Phillips 66 insiders are the primary beneficiaries of the Proposed Transaction, not the Partnership's public unitholders such as Plaintiff. The Board and the Partnership's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff as a public unitholder of Phillips 66.

35. Additionally, Partnership insiders, currently own large, illiquid portions of Partnership units that will be exchanged for the merger consideration upon the consummation of

the Proposed Transaction. Notably, while the Information Statement provides the following it fails to provide an accounting for the number of PSX stock these Units will be converted to:

| Name of Beneficial Owner | Shares of Phillips 66 Common Stock Beneficially Owned and Stock Units(1)(2) | Percent of Class | PSXP Common Units Beneficially Owned | Percent of Class |
|---|---|---|---|---|
| The Vanguard Group(3) | 42,759,263 | 9.75% | — | — |
| BlackRock, Inc.(4) | 32,908,454 | 7.51% | — | — |
| State Street Corporation(5) | 26,710,734 | 6.10% | — | — |
| Greg C. Garland | 1,794,102 | * | 35,000 | * |
| Robert A. Herman | 328,131 | * | 25,000 | * |
| Paula A. Johnson | 344,356 | * | 1,000 | * |
| Kevin J. Mitchell | 321,936 | * | 10,000 | * |
| Timothy D. Roberts | 211,578 | * | — | — |
| Vanessa Allen Sutherland | — | * | — | * |
| Gary K. Adams | 15,268 | * | 1,418 | * |
| Julie L. Bushman | 6,795 | * | — | — |
| Denise R. Cade | 3,472 | * | — | — |
| Lisa A. Davis | 5,930 | * | — | — |
| Charles M. Holley | 9,812 | * | — | — |
| John E. Lowe | 74,139 | * | — | — |
| Denise L. Ramos | 15,667 | * | — | — |
| Douglas T. Terreson | 3,472 | * | — | — |
| Glenn F. Tilton | 40,039 | * | — | — |
| Marna C. Whittington | 36,639 | * | 15,000 | * |
| David Bairrington | — | — | 45,238 | * |
| Mark A. Haney | — | — | 34,100 | * |
| C. Doug Johnson | 39 | * | 8,000 | * |
| Joseph W. O'Toole | — | — | 35,000 | * |
| **All directors and executive officers of Phillips 66 as a group (20 persons)** | 3,413,206(6) | * | 87,418 | * |
| **All directors and executive officers of the General Partner as a group (10 persons)** | 3,000,142 | * | 193,338 | * |

36. The Information Statement also fails to adequately disclose communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to unitholders. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to unitholders. This information is necessary for Plaintiff to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Partnership's unitholders.

37. Thus, while the Proposed Transaction is not in the best interests of Phillips 66, Plaintiff or Partnership unitholders, it will produce lucrative benefits for the Partnership officers

and directors.

*The Materially Misleading and/or Incomplete Information Statement*

38. On February 3, 2022, the Phillips 66 Board caused to be filed with the SEC a materially misleading and incomplete Information Statement, that in violation the Exchange Act, failed to provide Plaintiff in his capacity as a Partnership unitholder with material information and/or provides materially misleading information critical to the total mix of information available to Plaintiff concerning the financial and procedural fairness of the Proposed Transaction.

*Omissions and/or Material Misrepresentations Concerning the Sales Process leading up to the Proposed Transaction*

39. Specifically, the Information Statement fails to disclose material information concerning the process conducted by the Partnership and the events leading up to the Proposed Transaction. In particular, the Information Statement fails to disclose:

   a. Specific reasoning as to why no collar mechanism was included in the Proposed Transaction to ensure the merger consideration remains in a realm of reasonableness;

   b. Whether the terms of any confidentiality agreements entered during the sales process between Phillips 66 on the one hand, and any other third party (including PSX), if any, on the other hand, differed from one another, and if so, in what way;

   c. All specific conditions under which any standstill provision contained in any entered confidentiality agreement entered into between the Partnership and potentially interested third parties (including PSX) throughout the sales process, if any, would fall away; and

   d. The Information Statement also fails to adequately disclose communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to unitholders. Communications regarding post-transaction employment during the negotiation of the underlying transaction

must be disclosed to unitholders. This information is necessary for unitholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Partnership's unitholders.

*Omissions and/or Material Misrepresentations Concerning Philips 66's and PSX's Financial Projections*

40. The Information Statement fails to provide material information concerning financial projections for Philipps 66 and PSX provided by Philipps 66 and PSX management and relied upon by Evercore in its analyses. The Information Statement discloses management-prepared financial projections for the Partnership which are materially misleading.

41. The Information Statement, therefore, should have, but fails to provide, certain information in the projections that Philipps 66 and PSX management provided to the Board and Evercore. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

42. With regard to the *DAPL Offline Case* and the *DAPL Online Case* for Phillips 66 prepared by PSX management, the Information Statement fails to disclose material line items for the following metrics:

    a. Adjusted EBITDA, including all underlying necessary inputs and assumptions, including specifically: net income; net interest expense, income taxes, and depreciation and amortization, the portion of EBITDA attributable to noncontrolling interests, the specific adjustments made for the proportional share of equity affiliates' net interest expense, income taxes, depreciation and amortization, and impairments, transaction costs associated with acquisitions,

and, certain other noncash items, including gains and losses on asset sales and asset impairments; and

b. Distributable Cash Flow, including all underlying necessary inputs and assumptions, including specifically: equity affiliate distributions less than proportional adjusted EBITDA, maintenance capital expenditures, net interest expense, income taxes paid, preferred unit distributions, and adjustments for deferred revenue impacts.

43. The Information Statement also makes reference to a *DAPL Sensitivity Case* which was utilized by Evercore in its analyses, but does not provide the same in the Information Statement.

44. The Information Statement also fails to disclose a reconciliation of all non-GAAP to GAAP metrics utilized in the projections.

45. In addition the Information Statement fails to provide Projections for PSX despite the merger consideration being composed entirely of PSX stock.

46. This information is necessary to provide Plaintiff in his capacity as a Partnership unitholder a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process.

47. Without accurate projection data presented in the Information Statement, Plaintiff is unable to properly evaluate the Partnership's true worth, the accuracy of Evercore's financial analyses. As such, the Board is in violation of the Exchange Act by failing to include such information in the Information Statement.

*Omissions and/or Material Misrepresentations Concerning the Financial Analyses by Evercore*

48. In the Information Statement, Evercore describes its fairness opinion and the various valuation analyses performed to render such opinion. However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for,

underlying assumptions. Without this information, one cannot replicate the analyses, confirm the valuations or evaluate the fairness opinions.

49. With respect to the *Discounted Cash Flow Analysis*, the Information Statement fails to disclose the following:

    a. The closing price for Phillips 66 Common Stock as of October 25, 2021 utilized;

    b. The minimum and maximum of Phillips 66 Common Stock's trailing 10-day daily VWAP as of October 25, 2021 utilized;

    c. The utilized weighted average cost of capital for the Partnership;

    d. The terminal values calculated for the Partnership;

    e. The specific inputs and assumptions used to determine the utilized discount rate range of 6.0% to 7.0%;

    f. The specific inputs and assumptions used to determine the utilized Adjusted EBITDA exit multiples of 8.0x to 10.0x; and

    g. The specific inputs and assumptions used to determine the utilized perpetuity growth rate range of negative 0.00% to negative 1.00%.

50. With respect to the *Discounted Distributions Analysis*, the Information Statement fails to disclose the following:

    a. The specific inputs and assumptions used to determine the utilized a terminal yield range of 8.0% to 10.0%;

    b. The specific inputs and assumptions used to determine the utilized cost of equity of 7.0% to 9.0% based on CAPM; and

    c. The specific inputs and assumptions used to determine the utilized cost of equity of 9.0% to 11.0% based on total expected market return for MLPs owning assets and businesses similar to those owned by PSXP.

51. With respect to *Peer Group Trading Analysis*, the Information Statement fails to disclose the following:

   a. The specific metrics for each compared company;

   b. The specific inputs and assumptions used to determine the utilized EV/2022E EBITDA multiple reference range of 8.0x to 10.0x;

   c. The specific inputs and assumptions used to determine the utilized EV/2023E EBITDA multiple reference range of 7.5x to 9.5x; and

   d. The specific adjustments made for net debt, preferred equity, noncontrolling interest and units outstanding as of September 30, 2021.

52. With respect to the *Precedent M&A Transactions Analysis*, the Information Statement fails to disclose the following:

   a. The specific metrics for each precedent transaction analyzed;

   b. The specific inputs and assumptions used to determine the utilized range of relevant implied multiples of EBITDA of 8.5x to 11.0x;

   c. The specific adjustments made for net debt, preferred equity, noncontrolling interest and units outstanding as of September 30, 2021;

   d. The specific date on which each selected precedent transaction closed; and

   e. The value of each selected precedent transaction.

53. Without the omitted information identified above, Plaintiff is missing critical information necessary to evaluate whether the proposed consideration truly maximizes his value and serves his interest as a unitholder. Moreover, without the key financial information and related disclosures, Plaintiff cannot gauge the reliability of the fairness opinion and the Board's determination that the Proposed Transaction is in his best interests as a public Philips 66 unitholder. As such, the Board has violated the Exchange Act by failing to include such information in the Information Statement.

## FIRST COUNT

### Violations of Section 14(a) of the Exchange Act

### (Against All Defendants)

54. Plaintiff repeats all previous allegations as if set forth in full herein.

55. Defendants have disseminated the Information Statement with the intention of soliciting unitholders, including Plaintiff, to vote in favor of the Proposed Transaction.

56. Section 14(a) of the Exchange Act requires full and fair disclosure in connection with the Proposed Transaction. Specifically, Section 14(a) provides that:

It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78*l* of this title.

57. As such, SEC Rule 14a-9, 17 C.F.R. 240.14a-9, states the following:

No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

58. The Information Statement was prepared in violation of Section 14(a) because it is materially misleading in numerous respects and omits material facts, including those set forth above. Moreover, in the exercise of reasonable care, Defendants knew or should have known that the Information Statement is materially misleading and omits material facts that are necessary to render them non-misleading.

59. The Individual Defendants had actual knowledge or should have known of the misrepresentations and omissions of material facts set forth herein.

60. The Individual Defendants were at least negligent in filing an Information Statement that was materially misleading and/or omitted material facts necessary to make the Information Statement not misleading.

61. The misrepresentations and omissions in the Information Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to decide whether to vote his units in favor of the Proposed Transaction on the basis of complete information if such misrepresentations and omissions are not corrected prior to the unitholder vote regarding the Proposed Transaction.

## SECOND COUNT

## Violations of Section 20(a) of the Exchange Act

## (Against all Individual Defendants)

62. Plaintiff repeats all previous allegations as if set forth in full herein.

63. The Individual Defendants were privy to non-public information concerning the Partnership and its business and operations via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board meetings and committees thereof and via reports and other information provided to them in connection therewith. Because of their possession of such information, the Individual Defendants knew or should have known that the Information Statement was materially misleading to Plaintiff in his capacity as a Partnership unitholder.

64. The Individual Defendants were involved in drafting, producing, reviewing and/or disseminating the materially false and misleading statements complained of herein. The Individual Defendants were aware or should have been aware that materially false and misleading statements were being issued by the Partnership in the Information Statement and nevertheless approved, ratified and/or failed to correct those statements, in violation of federal securities laws. The Individual Defendants were able to, and did, control the contents of the Information Statement. The Individual Defendants were provided with copies of, reviewed and approved, and/or signed the Information Statement before its issuance and had the ability or opportunity to prevent its issuance or to cause it to be corrected.

65. The Individual Defendants also were able to, and did, directly or indirectly, control the conduct of Phillips 66's business, the information contained in its filings with the SEC, and its public statements. Because of their positions and access to material non-public information available to them but not the public, the Individual Defendants knew or should have known that the misrepresentations specified herein had not been properly disclosed to and were being concealed from Plaintiff and Partnership, and that the Information Statement was misleading. As a result, the Individual Defendants are responsible for the accuracy of the Information Statement and are therefore responsible and liable for the misrepresentations contained herein.

66. The Individual Defendants acted as controlling persons of Phillips 66 within the meaning of Section 20(a) of the Exchange Act. By reason of their position with the Partnership, the Individual Defendants had the power and authority to cause Phillips 66 to engage in the wrongful conduct complained of herein. The Individual Defendants controlled Phillips 66 and all of its employees. As alleged above, Phillips 66 is a primary violator of Section 14 of the Exchange Act and SEC Rule 14a-9. By reason of their conduct, the Individual Defendants are liable pursuant to section 20(a) of the Exchange Act.

WHEREFORE, Plaintiff demands injunctive relief, in his favor and against the Defendants, as follows:

A. Enjoining the Proposed Transaction;

B. In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to comply with the Exchange Act to disseminate an Information Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: February 7, 2022

**BRODSKY & SMITH**

By: _____
Evan J. Smith
240 Mineola Boulevard
Mineola, NY 11501
Phone: (516) 741-4977
Facsimile (561) 741-0626

*Counsel for Plaintiff*